```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| MARC GREEN | CIVIL ACTION |
| VERSUS | NO: 10-1978 |
| FLORIDA MARINE TRANSPORTERS, INC. | SECTION: "A" (3) |

### ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 19)** filed by defendant Florida Marine Transporters, Inc. Plaintiff Marc Green opposes the motion. The motion, set for hearing on June 8, 2011, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is DENIED.

### I. BACKGROUND

Plaintiff Marc Green filed a Jones Act complaint against defendant Florida Marine Transporters, Inc. ("FMT"). FMT is alleged to be Green's employer and the owner and operator of the M/V RICHARD COEN, a vessel in navigation. (Comp. ¶¶ III-IV). On December 17, 2009, Green sustained serious injuries to his left ring finger while working as a tankerman. (Id. ¶ V). Green maintains that FMT and/or its employees were negligent and that this negligence and the unseaworthiness of the vessel were the proximate causes of his injuries. (Id. ¶ VII). This case will

1

be tried to a jury on July 25, 2011.

Via the instant motion for partial summary judgment Defendant moves for judgment as a matter of law on Green's claim for maintenance and cure. FMT argues that it did not employ Green, and that Green forfeited any claim that he might have had to maintenance and cure by leaving his position with FMT and by wilfully refusing medical treatment. FMT also argues that damages attendant to the refusal to pay maintenance and cure after Green left his job are not warranted.

## II.  **DISCUSSION**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact."  TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248).  The court must draw all justifiable inferences in favor of the non-moving party. Id. (citing Anderson, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S.

317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.  Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.  Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Generally an employer owes maintenance and cure to any seaman in its employ who suffers an injury while in the service of a vessel regardless of fault.  Johnson v. Cenac Towing, Inc., 544 F.3d 296, 301 (5th Cir. 2008) (quoting Bertram v. Freeport McMoran, Inc., 35 F.3d 1008, 1012 (5th Cir. 1994)).  Once triggered, the maintenance and cure obligation terminates only when the seaman has reached the point of maximum medical cure.  Pelotto v. L&N Towing Co., 604 F.2d 396, 400 (5th Cir. 1979).  Neither subsequent employment with another company nor the ability to return to duty ipso facto relieves an employer of its maintenance and cure obligation.  Gauthier v. Crosby marine Serv., Inc., 499 F. Supp. 295, 299-300 (E.D. La. 1980); Lirette v. K&B Boat Rentals, Inc., 579 F.2d 968, 969 (5th Cir. 1978).  The cutoff point for maintenance and cure is not the point at which the seaman recovers sufficiently to return to his old job but rather the time of maximum possible cure.  Lirette, 579 F.2d

at 969 (citing Brown v. Aggie & Miller, Inc., 485 F.2d 1293 (5th Cir. 1973)).  Liability for maintenance and cure is among "the most pervasive of all" and it is not so easily avoided.  Vaughn v. Atkinson, 369 U.S. 527, 532 (1962) (quoting Aquilar v. Standard Oil Co., 318 U.S. 724, 730 (1943)).

Nonetheless, a seaman may forfeit his right to maintenance and cure when he fails to mitigate his damages.  Dowdle v. Offshore Express, Inc., 809 F.2d 259, 264-65 (5th Cir. 1987) (citing Caulfield v. AC&D Marine, Inc., 633 F.2d 1129, 1133 (5th Cir. Unit A Jan. 1981); Sanford Bros. Boats, Inc. v. Vidrine, 412 F.2d 958, 974 (5th Cir. 1969)).  Voluntarily leaving his employment may be grounds for forfeiting maintenance and cure.  See, e.g., Atlantic Sounding Co. v. Parker, No. 09-6831, 2010 WL 2836130 (E.D. La. July 14, 2010) (Barbier, J.).

Turning to Green's case, the medical evidence suggests that Green had not reached MMI when he left FMT.  At the very least there is an issue of fact as to whether Green was or is at MMI.

FMT's first contention is that Green has forfeited his right to maintenance and cure by quitting his job.  FMT points out that Green's treating physician, Dr. Robichaux, released Green to return to work without medical restrictions.  Nevertheless, FMT provided light duty employment to Green in order to accommodate his continuing physical therapy appointments.  FMT paid Green his regular tankerman pay while he was working the light duty office

4

position.  But without notice to anyone Green simply quit working that assignment and never returned.

The Court's first observation is that FMT's arguments lack merit as to the cure claim.  If Green was injured in the service of FMT's vessel then FMT is liable for cure until Green reaches MMI.  Other defenses to the cure claim aside, Green's decision to quit his job would at most deprive him of maintenance payments.  It would not relieve FMT of its cure obligation.

Green is correct in that FMT owes maintenance until he reaches MMI[1] but Green is not entitled to maintenance (and the potentially attendant damages for FMT's failure to pay it) if he simply decided he'd prefer to stay home instead of working the light duty position that FMT provided him.  If Green's ability to reach MMI was being hindered by the work that he was doing in the light duty position then he was certainly entitled to convalesce properly and to receive maintenance payments while doing so.  The Court has reviewed Green's deposition testimony and while it is not entirely clear to the Court why he left FMT, it appears that perhaps he just didn't feel like working anymore.  The jury will decide whether Green's decision to leave the position at FMT was a failure to mitigate his damages that caused him to forfeit his maintenance payments.

---

[1] Obviously, if Green did not incur maintenance expenses during the pertinent time period or if they were paid by another party then maintenance might not be owed for some periods.

FMT points to Atlantic Sounding Co. v. Parker, supra, as a case with very similar facts to this one.  In that case the district judge held on summary judgment that the employee's decision to leave his light duty position caused him to forfeit his maintenance payments.

The same result may ultimately attach in this case but the jury will make that determination.  FMT urges this Court to follow Parker and make the decision via summary judgment but Parker was a non-jury case.  In a non-jury trial, the judge is the ultimate trier of fact, and properly exercises judicial discretion by drawing inferences from evidence without resort to trial.  GeoSo. Energy Corp. v. Chesapeake Oper., Inc., 274 F,3d 1017, 1020 (5th Cir. 2001).  Green has requested a jury as is his right so all of his claims will be tried to the jury.

FMT also argues that Green forfeited his cure payments by wilfully rejecting medical aid.  FMT points out that Green was scheduled for a second round of physical therapy but that he abandoned this course of treatment.  If FMT can establish that Green's failure to pursue the additional therapy compromised his reaching MMI or that by undergoing the additional therapy Green would have mitigated the problems that he continues to have with his finger then perhaps this will form the basis for forfeiting additional cure.  FMT is not entitled to summary judgment on the current record.  The jury will determine whether Green's decision

6

to forego additional medical treatment deprives him of further cure payments.

Finally, FMT argues that it was not Green's employer because he was really employed by PBC Management, Inc., not FMT. Therefore, according to FMT, it owes no maintenance and cure to Green. In opposition, Green argues that if this assertion is true then he will simply supplement the complaint to properly join PBC as a defendant.

This case has been pending for nearly a year. Counsel were in chambers for a status conference with the Court on March 3, 2011, and defense counsel did not raise this issue with the Court while the case was being discussed and new deadlines were being set. Surely, no party was in a better position to know that FMT was technically not Green's employer than FMT. It remains, however, Plaintiff's burden to ensure that the proper parties are sued.

That said, FMT was the owner and the operator of the vessel on which Green sustained his injury. FMT does not explain its relationship to PBC Management but the Court assumes that the entities are related. The Court can find no authority, and FMT cites none, to support the contention that under these circumstances Green has no claim for maintenance and cure. Plaintiff will be allowed to amend his complaint to formally join PBC as a party. If PBC is a related entity, and if FMT is

raising this issue for the first time with trial just weeks away, then no continuance of the trial date will be granted at Defendant's request over Plaintiff's objection on the basis of this new party being added.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 19)** filed by defendant Florida Marine Transporters, Inc. is **DENIED**.

June 8, 2011

———————————————
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE